Mr. Justice Olin
delivered the opinion of the court:
The question arising in this case, and in several other cases brought before us at this term, is whether an order overruling or sustaining a demurrer, with leave to amend or answer over, is an appealable order. The solution of this question depends upon the meaning and true interpretation of section 772, Revised Statutes of this District, page 92. The section provides that—
“Any party aggrieved by any order, judgment, or decree made or pronounced at any special term, may, if the same involves the merits of the action or proceeding, appeal thereupon to the general term of the Supreme Court; and upon such appeal the general term shall review such order, judgment, or decree, and affirm, reverse, or modify the same, as shall be just.”
By an order, judgment, or decree involving the merits of a case, we understand an order, judgment, or decree which puts an end to the suit or controversy while unreversed or not *10 set aside. An order sustaining a demurrer to a bill of complaint in equity, or to a declaration at law, does not involve the merits of a case where leave is given to amend such bill or declaration within a specified time. If the complainant or plaintiff elects not to amend within the time limited, and judgment is entered against him, he may then appeal to the court in general term, and this court will then determine whether the demurrer was a response to the action. So, on the other hand, if the defendant interposes a plea to a bill in equity, or a plea to a declaration at law, and the complainant or plaintiff demurs to such plea, and the demurrer is adjudged to be well taken, but leave is given to amend by pleading to the merits, such order does not involve the merits. If the defendant elects not to amend by pleading, within the time limited, to the merits, and final judgment is taken against him, he then may appeal to the court in banc, which will determine whether the demurrer was properly sustained or overruled. There is no hardship in this rule. That, we think, is the true meaning of section 772; for it provides that in an appeal to this court from any other judgment or decree involving the merits of a case, this court shall review such order, judgment, or decree, and affirm, reverse, or modify the same as shall be just. It was strenuously argued in this case that the meaning of the section I have before quoted is that any order, judgment, or decree affecting the merits of a case made at a special term was appealable to the court in banc. The difference between an order affecting the merits of a case and an order, &e., involving, &e., merits of a case, is scarcely worth discussion. f>y the merits of a case I suppose is included the averments of such facts as will constitute a ground of relief at law or in equity. If the bill or declaration does not contain by averment all those essential merits, it is demurrable. An order, judgment, or decree involving the merits of a case is therefore such, and such only, as, if not set aside or reversed, will put an end to the suit or controversy. To hold the contrary would render every order made either at law or in equity appealable. It is difficult to *11 conceive that any order made in the course of judicial proceeding may not, to some extent, in a greater or less degree, affect the merits of the case. For instance, an order extending the time to plead, or an order refusing to extend such time, or an order requiring the party to furnish a further and more specific bill of particulars, and many other orders which might be enumerated, may affect the case; but as such orders do not involve the merits of the case, they are not appealable. After final judgment in a case, if an appeal be taken, all orders made in the progress of-the case affecting the merits of the suit are subject to review by this court.